BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
AUG 23 1971
PATRICIA D. HOWARD,
CLERK OF THE PANEL

IN RE INTERNATIONAL HOUSE OF PANCAKES FRANCHISE LITIGATION ) DOCKET NO. 77

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN AND JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This multidistrict antitrust litigation encompasses nine actions pending in three different districts: four in the Western District of Missouri, three in the Northern District of California, and two in the Eastern District of Pennsylvania.[1/] See Appendix A. All of these actions are brought by current or former franchisees of the International House of Pancakes claiming that the defendant violated the antitrust laws through an "illegal tying arrangement."

All parties wholeheartedly agree that these cases are appropriate for transfer to a single district for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.[2/] These

* Although Judges Wisdom and Lord were not present at the hearing they have, with the consent of all parties, participated in this decision.

1/ The *Erickson* case was filed a day or two before the hearing and was therefore not included on either the show cause order or the hearing order. It is being included in this transfer order (rather than being treated as a "tag-along case") at the request of counsel for the plaintiff and with the consent of all other parties.

2/ At one time the defendant opposed transfer of the *Weth* and *Harvey* cases on the grounds that both presented "threshold issues" which could only be decided by the transferor court. The defendant has withdrawn this objection and now favors the immediate transfer of all cases. Of course, the transferee judge may consider any "threshold questions" before proceeding with substantive discovery. See *Manual for Complex and Multidistrict Litigation*, section 1.8.

actions present virtually identical legal theories and involve substantially identical questions of fact with regard to the defendant's franchise agreements. In addition, at least four of these actions are brought as class actions under Rule 23, F.R. Civ. P. and present conflicting and overlapping class claims. There can be little doubt that these cases are appropriate for transfer under section 1407.

The only point of controversy among the parties is the selection of the transferee district. The defendant favors the Central District of California where its main offices are located and, as a second choice, suggests the Northern District of California where three of these actions are now pending. The Northern District of California is also, quite understandably, the choice of the plaintiffs in the cases in that district as well as the plaintiffs in the two actions now pending in the Eastern District of Pennsylvania. The plaintiffs in the four actions pending in the Western District of Missouri, equally understandably, prefer their own district. We find their arguments more persuasive than those advanced by the other parties.

The primary reason for selecting the Western District of Missouri is the fact that the Missouri cases are in a significantly more advanced stage than are those in any other district. For this reason, the judge to whom those cases are now assigned, Judge William R. Collinson, has a greater degree of familiarity with this litigation than do either of the other judges to whom these

cases are assigned. Although a relatively small amount of discovery has taken place in *these cases*, a substantial amount of discovery was conducted in the Western District of Missouri in connection with a now dismissed case,[3] assertedly with an understanding that the discovery in those cases would be available to the plaintiff in the other cases pending in the Western District of Missouri as well. The parties disagree on the completeness of the discovery but we cannot overlook the plaintiffs' statement that the completed discovery fulfills a large part of their requirements. Certainly the previous involvement of Judge Collinson in that case has added to his familiarity with this litigation. Perhaps more important, however, is the fact that class action motions have been briefed and argued before Judge Collinson in the cases now pending in the Western District of Missouri and he is well aware of the existence of the other cases and the potential for conflicting class action determinations. Since this is litigation involving a nationwide franchise system, there is some further merit in conducting pretrial proceedings from a centrally located metropolitan area such as Kansas City, Missouri. For all of these reasons we are satisfied that the convenience of the parties and witnesses and the just and efficient conduct of this litigation will be promoted by transferring all pending cases to the Western District of Missouri and assigning them to Judge William R. Collinson.

3/ *Price v. International Industries, Inc.*, an action which was brought on October 2, 1967 and dismissed on March 20, 1970.

IT IS THEREFORE ORDERED that all actions on the attached Schedule A pending in other districts are hereby transferred to the Western District of Missouri and, with the consent of that court, are hereby assigned to the Honorable William R. Collinson for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.

DOCKET NO. 77 SHCEDULE A

WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Robert J. Helfenbein & Circle Investments of Missouri, Inc. v. International Industries, Inc., et al. | Civil Action 17281-2 |
| Robert J. Helfenbein & Crescent Investments of Iowa, Inc. v. International Industries, Inc., et al. | Civil Action 17282-2 |
| Joe Jimmie Reed v. International Industries, Inc. | Civil Action 19231-2 |
| Richard D. Harvey v. International Industries, Inc., et al. | Civil Action 19281-2 |

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Terry W. Fairbanks v. International Industries, Inc. | Civil Action 71-653-OJC |
| William H. Webb v. International Industries, Inc. | Civil Action 71-654-OJC |
| John N. Nenninger v. International Industries, Inc. | Civil Action 71-655-OJC |

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rudolph Weth v. International Industries | Civil Action 70-2256 |
| Richard L. Erickson v. International Industries | Civil Action 71-1874 |

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
FILED
MAY 30 1972
PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

5/30/72

IN RE INTERNATIONAL HOUSE OF PANCAKES FRANCHISE LITIGATION

Bernard A. Finch v. Master Hosts International, Inc., N.D. Calif., Civil Action No. C-71-926-RFP

John Rosser v. International Industries, Inc., et al., W.D. Missouri, Civil Action No. 20037-4

Robert C. T. Huang v. International Industries, et al., W.D. Missouri, Civil Action No. 20036-4

DOCKET NO. 77

OPINION AND ORDER

---

BEFORE ALFRED P. MURRAH, CHAIRMAN, JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

---

PER CURIAM

The Panel previously transferred nine antitrust actions brought by current or former franchisees of the International House of Pancakes to the Western District of Missouri for pretrial purposes. In re International House of Pancakes Franchise Litigation, 331 F. Supp. 556 (J.P.M.L. 1971). The principal defendant in each of those actions is International Industries Co., franchisor of the International House of Pancakes restaurants. It appears that at some point after 1960 International Industries also purchased a group of Copper Penny restaurants and subsequently began a franchising program under this name. This business was

* Judges Wisdom and Becker were not present at the hearing, but they have, with the consent of all parties, participated in this decision.

subsequently transferred to a subsidiary of International Industries, Master Hosts International, Inc. Another corporation, E.H.R. Corp., which is allegedly a subsidiary of Master Hosts, is also involved in the franchising of some of the Copper Penny restaurants.

Since the transfer of the actions against International Industries concerning the International House of Pancakes franchise, three antitrust actions have been filed by franchisees of the Copper Penny restaurants. Two of these actions are pending in the Western District of Missouri and one in the Northern District of California. Plaintiffs in these three suits, who are represented by the same counsel as several plaintiffs in the International House of Pancakes litigation, ask the Panel to transfer their suits to the Western District of Missouri for pretrial proceedings with the House of Pancakes litigation. Alternatively, they request transfer to that district for separate pretrial proceedings before Judge Collinson, transferee judge in the House of Pancakes Litigation.[1/]

The Copper Penny plaintiffs assert that their complaints make allegations virtually identical to those in the House of Pancakes complaints. In both groups of cases questions are raised concerning vertical price-fixing, tying arrangements, exclusive dealing contracts, horizontal price-fixing and

1/ Plaintiffs also requested Judge Collinson to consolidate the two Missouri Copper Penny actions with the House of Pancakes Litigation. Judge Collinson declined to rule on that motion in view of the present motion pending before the Panel.

monopolization of the captive franchisee market. The explanation for the identical allegations, the plaintiffs suggest, is the near identity of the franchise agreements used in the Copper Penny and House of Pancakes operations. They place particular emphasis on those portions of the agreements relating to services of the franchisor and duties of the franchisee.

International Industries, Master Hosts International and E.H.R. Corp. oppose transfer of the three Copper Penny actions to the Western District of Missouri for pretrial proceedings. They contend that, in spite of the common ownership of the operations, there will be no issues of fact common to both the Copper Penny and House of Pancakes cases. It is asserted that these two franchise systems were operated separately and that only a few employees worked with both franchises. In addition, defendants urge that there is a great dissimilarity in the relevant geographical markets for the two franchises -- the House of Pancakes operation consisting of 300 franchisees in almost every state while the Copper Penny operation has only 29 franchisees, 23 of which are in California. Finally, it is argued that venue is improper in the two Missouri Copper Penny actions and that these actions should be transferred to the Northern District of California pursuant to 28 U.S.C. §1406(a). Defendants have filed a motion to this effect in the Western District

of Missouri and urge that the granting of that motion would place all three Copper Penny cases in one district where they could be consolidated for pretrial and trial.

The fact that defendants have moved for a change in venue under Section 1406 does not preclude transfer under Section 1407. As we stated in the In re Kauffman Mutual Fund Actions, 337 F. Supp. 1337 (J.P.M.L. 1972), "the Panel's discretion under Section 1407 is not limited by venue considerations" but turns on the existence of common questions of fact and questions concerning the convenience of the parties and witnesses and the just and efficient conduct of the actions. After a thorough consideration of the briefs and arguments, we have concluded that the requirements of Section 1407 are satisfied and that the Copper Penny actions must be transferred to Judge Collinson in the Western District of Missouri for pretrial proceedings with the House of Pancakes litigation.2/ Although two different franchises are involved, the common defendants, the similarity of operating procedures and the possible overlap in defendants' supervisory personnel are certain to produce at least some common areas of discovery which would benefit from assignment to a single judge. Transfer need not unduly prolong pretrial proceedings for the transferee judge, who is most familiar with the facts of this litigation, may set the bounds of common discovery to be completed before any remand.

2/ By so ruling we do not intend to indicate any views on the merits of defendants' motion for change of venue. This is a matter committed to the discretion of the district judge.

IT IS THEREFORE ORDERED that the above-captioned actions be, and the same hereby are, transferred to the Western District of Missouri and, with the prior consent of that court, assigned to the Honorable William J. Collinson for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions listed on Schedule A pending in that district.

SCHEDULE A

DOCKET NO. 77

WESTERN DISTRICT OF MISSOURI

| Case | Civil Action |
|---|---|
| Robert J. Helfenbein & Circle Investments of Missouri, Inc. v. International Industries, Inc., et al. | Civil Action No. 17281-2 |
| Robert J. Helfenbein & Crescent Investments of Iowa, Inc. v. International Industries, Inc., et al. | Civil Action No. 17282-2 |
| Joe Jimmie Reed v. International Industries, Inc. | Civil Action No. 19231-2 |
| Richard D. Harvey v. International Industries, Inc., et al. | Civil Action No. 19281-2 |
| Terry W. Fairbanks v. International Industries, Inc. (N.D. Calif., No. 71-653-OJC) | Civil Action No. 19662-2 |
| William H. Webb v. International Industries, Inc. (N.D. Calif., No. 71-654-OJC) | Civil Action No. 19663-2 |
| John N. Nenninger v. International Industries, Inc. (N.D. Calif., No. 71-655-OJC) | Civil Action No. 19664-2 |
| Rudolf Weth v. International Industries (E.D. Pa., No. 70-2256) | Civil Action No. 19665-2 |
| Richard L. Erickson v. International Industries, Inc. (E.D. Pa., No. 71-1874) | Civil Action No. 19666-2 |